Suit by D. Frederick McMullen and another, as executors of the estate of Donald C. McMullen, deceased, against George F. Klotz for a decree declaring what rents were due under a lease given by plaintiffs' testator to defendant. To review order denying plaintiffs' motion to strike certain paragraphs of the answer, the plaintiffs bring certiorari.
Petition for certiorari granted and order quashed.
The petitioners, as executors of the estate of Donald C. McMullen, deceased, filed a bill of complaint seeking a decree declaring what rents were due under a lease given by their testator to the respondent. In short, certain property was leased for a period of five years from 1946 to be used as a trailer park, and it was stipulated that the lessee should pay to the lessor monthly $50 or one-third of the net receipts, whichever sum was the larger.
In answer to the bill of complaint the respondent admitted that the terms of the lease were unambiguous and provided for a "basic rental of $50.00 per month" and in addition thereto one-third of the net profits after crediting the sum of the monthly *Page 770 
rental, but stated that a subsequent oral agreement had been entered into whereby the lessee was to make improvements from time to time, the cost of which was to be credited on the rental and that he would not be required to pay the lessor any money in cash until such time as the accumulated moneys due by the lessee to the lessor, computed monthly, should equal the amount of the improvements on the premises made from time to time by the lessee. It was asserted in the answer that no reports were made for a few months after the execution of the written lease because the parties "were negotiating and discussing the matter on an average of once each week and the lessor saw that the original agreement would be too burdensome * * *." To cap these allegations, it was pleaded that the lessor had "accepted" thereafter until the time of his death monthly reports made by the lessee.
We think these averments in respondent's answer constituted an attempt to vary the terms of a lease executed under seal. They were proposed as a basis for testimony that there had been a gratuitous agreement to reduce the amount of the rent despite the terms of the written agreement.
Even if taken as true, the allegation that, after an interim of several months, the periodic reports were "accepted" by the lessor does not carry the conviction that there was any consideration for the alleged new arrangement, there having been no cash accompanying the reports, and it utterly fails to establish that simply because the reports themselves were accepted, or received, by the lessor he thereby so bound himself to the proposed new agreement that he became estopped to stand upon the old one.
We are impelled to grant the petition for certiorari and quash the order denying the motion of the petitioners to strike the paragraphs of the answer setting out the matters to which we have referred, without any restriction, however, on the chancellor's granting permission to amend the parts under attack if he feels that justice dictates that the respondent be given the opportunity to amend them.
ADAMS, C.J., and TERRELL and SEBRING, JJ., concur.
CHAPMAN, BARNS, and HOBSON, JJ., dissent.